NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 18 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONOR AMBRIZ JUAREZ; E.A.J., Petitioners, v. PAMELA BONDI, Attorney General, Respondent. | No. 17-71213 Agency Nos. A206-679-915 A206-679-927 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026**
San Francisco, California

Before: N.R. SMITH, NGUYEN, and SANCHEZ, Circuit Judges.

Petitioners Leonor Ambriz Juarez and her child (collectively, "Ambriz

Juarez") petition for review of the Board of Immigration Appeals' ("BIA")

dismissal of her appeal of an immigration judge's ("IJ") denial of her application

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

for asylum and withholding of removal.[1]  We have jurisdiction under 8 U.S.C. § 1252.  We review the denial of asylum and withholding of removal for substantial evidence, *see Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021), and deny the petition.

1.  Substantial evidence supports the agency's conclusion that Ambriz Juarez's proposed social group ("PSG")—"mothers of young Mexican males opposed to gang activity and recruitment"—is not cognizable.[2]  *See, e.g., Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (rejecting proposed PSG "minor Christian males who oppose gang membership" (quotation marks omitted)); *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc) (recognizing that "proposed social groups of those generally opposed to gangs or resistant to gang recruitment" may not constitute a particular social group "if the society in question does not perceive those with such views as constituting a distinct group of persons").

Substantial evidence also supports the BIA's alternative finding that Ambriz

---

[1] Ambriz Juarez raised a claim for protection under the Convention Against Torture ("CAT") below.  Because Ambriz Juarez does not address this claim on appeal, she has forfeited any challenge to the BIA's denial of her CAT claim.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

[2] Ambriz Juarez also articulated a PSG of "repatriated family members (specially, a mother) of a young male who is seeking to resist, and previously sought to resist, gang authority and activity in Mexico, including gang recruitment."  We agree with the BIA that this PSG is not appreciably different from her first PSG.

Juarez did not establish a nexus to a protected ground, because the gang members' motive was simply to further their criminal enterprise.

2. Similarly, substantial evidence supports the BIA's conclusion that there was no nexus between Ambriz Juarez's fear of persecution and her actual or imputed anti-gang political opinion. *See Rodriguez-Zuniga v. Garland,* 69 F.4th 1012, 1017 (9th Cir. 2023) (stating that "'opposition to a gang's criminal activity' is not necessarily 'based on political opinion'" (quoting *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated in part on other grounds by Henriquez-Rivas*, 707 F.3d at 1093)). Moreover, there is no evidence the gang was even aware of her discussions with others about her fear of gangs or would view her discussions as anti-gang political opinion.

**PETITION DENIED.**[3]

---

[3] The motion for a stay of removal, Dkt. No. 1, is denied. The temporary stay of removal is lifted.

3